SIKORA *v.* FELLOWCRAFT CLUB.

1. CARRIERS — ELEVATORS — DEATH — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for the death of plaintiff's decedent, alleged to have been caused by the negligent operation of an elevator by defendant's servant, the questions of defendant's negligence and decedent's contributory negligence were properly submitted to the jury.[1]

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

The operator of defendant's elevator was not relieved of the duty of exercising care in starting because he received instructions to go ahead from a passenger who had nothing to do with its operation, and whether this duty of attention to decedent was excused by the talk, presented, at most, a question for the jury.

Error to Wayne; Mandell, J. Submitted October 26, 1916. (Docket No. 164.) Decided March 29, 1917.

Case by Frances Sikora, administratrix of the estate of Adam Sikora, deceased, against the Fellowcraft Club and others for the unlawful killing of plaintiff's decedent. Judgment for plaintiff. Defendant club brings error. Affirmed.

*Clark, Bryant & Klein,* for appellant.

*Samuel G. Thompson, James H. Cullen, Charles W. Casgrain, Harry W. Cullen,* and *F. Henry Wurzer,* for appellee.

KUHN, J. By the decision of this court in the case of *Sikora* v. *Fellowcraft Club,* 189 Mich. 235 (155 N.

[1] On the question of liability for injury to elevator passenger, see notes in 25 L. R. A. 33; 2 L. R. A. (N. S.) 744; 29 L. R. A. (N. S.) 816; L. R. A. 1915E, 722.

On presumption of negligence from injury to passenger, see note in 13 L. R. A. (N. S.) 601, particularly as to elevators, see p. 619 of the same note.

W. 495), a judgment obtained on the trial of that case was reversed, and a new trial ordered. A detailed statement of the facts of the case is there found. The new trial also resulted in a verdict and judgment for the plaintiff, and the case is again brought here by writ of error.

It is conceded by the appellant that all the assignments of error be treated under the one head of whether or not the plaintiff has produced any competent evidence which would warrant the submission by the court to the jury of the question of the negligence of the defendant by its servant, the elevator operator. On the former trial judgment was had against both the defendant and the executors of the estate of Thomas W. Palmer, deceased, owner of the building, but by the opinion of this court the liability of the owner of the building was disposed of, leaving for consideration on the new trial only the question of the negligence of the defendant. It is now urged that the elevator operator was authorized and justified in relying upon the signal or direction of Kottelfski, who was the superior of the plaintiff's decedent, and who, together with him, was at the time of the accident delivering beer to the quarters of the defendant, who occupied the fourth, fifth, and sixth floors of the Palmer Building, in the city of Detroit, and that therefore a verdict should have been directed in favor of the defendant.

We are of the opinion upon this record that the question of the negligence of the defendant and the contributory negligence of the plaintiff's decedent were questions of fact for the jury. Upon the new trial the evidence as to what was said by Kottelfski to the elevator conductor, which had been rejected upon the first trial, was admitted.

In our opinion, it does not follow that because the elevator operator received instructions to go ahead from Kottelfski, who was a passenger, and who had

nothing to do with the operation of the elevator, that he was relieved of the duty of exercising care in starting the elevator. Whether this duty of attention to the plaintiff's decedent was excused by the talk between Kottelfski and the conductor of the car presented, at most, a question for the jury. See *Roulo* v. *Minot*, 132 Mich. 317 (93 N. W. 870).

We have carefully examined the charge of the court, and find that the questions of defendant's negligence and the plaintiff's decedent's contributory negligence were submitted to the jury with proper instructions. We discover no reason why the judgment complained of should be disturbed, and it is therefore hereby affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.