SHELTON *v.* NATIONAL VALVE & MANUFACTURING CO.

1. NEGLIGENCE—SUBCONTRACTORS—CONSTRUCTION WORK—PIPES—WELLS.

In action by employee of one subcontractor against another subcontractor engaged in construction work on a municipal power plant for injuries received when a length of iron pipe, which defendant's steamfitter had laid on a temporary floor next to toeplate at well or opening, fell upon plaintiff, where no further act of defendant's employees is shown to have caused it to fall, actionable negligence on part of defendant was not shown.

2. SAME—CONSTRUCTION WORK—PIPES.

Merely placing a length of iron pipe on temporary flooring of power plant construction next to toeplate at well or opening through which it could fall only by being dislodged by some human·agency would not constitute actionable negligence on part of subcontractor's employee who placed it there.

3. SAME—EVIDENCE—PRESUMPTIONS.

Proof that pipe was dislodged from place where defendant subcontractor's employee had placed it, so as to fall upon plaintiff through a well or opening in power plant construction, cannot be supplied by presumption.

Burden of proving negligence, see 2 Restatement, Torts, § 291 and comment (b).

4. EVIDENCE—PRESUMPTIONS.

Presumptions disappear when the facts appear and cannot be weighed against evidence, no matter how contradictory the evidence may be; and facts appear when evidence is introduced from which they may be found.

5. NEGLIGENCE—RES IPSA LOQUITUR.

The doctrine of *res ipsa loquitur* is not applied in this State.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 8, 1941. (Docket No. 7, Calendar No. 41,645.) Decided January 5, 1942. Rehearing denied February 11, 1942.

Case by DeWitt Shelton against National Valve & Manufacturing Company, a foreign corporation, and Murphy Supply Company, a Michigan corporation, for injuries received when struck by a falling pipe. From verdict and judgment for plaintiff. against National Valve & Manufacturing Company, it appeals. Reversed, without a new trial.

*Kerr, Lacey & Scroggie* and *Foster & Cameron,* for appellant.

*Shields, Ballard, Jennings & Taber,* for appellee.

WIEST, J. Plaintiff, an employee of the Johns-Manville Sales Corporation, a subcontractor, in and about the construction of the Ottawa street power plant of the city of Lansing, on July 12, 1939, while about his work, was struck by a falling three-quarters inch iron pipe, 12 feet and 3¼ inches long, and severely injured. Claiming the pipe fell by reason of the negligence of an employee of either defendant National Valve & Manufacturing Company or Murphy Supply Company, two other subcontractors, plaintiff brought this suit against both to recover damages and, upon trial by jury, had verdict and judgment against defendant National

Valve & Manufacturing Company for $19,833. Motions of the National Valve & Manufacturing Company for a directed verdict, for judgment *non obstante veredicto,* and for a new trial, were denied, and this appeal taken.

At the time of the accident plaintiff was in the act of taking a stepladder which had been let down by the aid of a pulley in a shaft or opening used for hoisting and lowering purposes.

The first question is whether the evidence disclosed actionable negligence on the part of an employee of defendant in placing the pipe.

The building had stairways and a well or opening through the floors, and this opening, at the floor where the pipe was left, had an iron railing about it and a toe plate reaching some distance above the floor. The building was in the course of construction and employees of other subcontractors about various undertakings were engaged in work therein. The evidence shows that a steamfitter in the employ of defendant used the iron pipe to align an opening and, having further use for it later, laid it on the temporary floor next to the toe plate at the well opening at the elevation from which it later fell.

Was this negligence? The permanent floor had not been laid but a temporary floor, consisting of long planks placed on I-beams, supporting other planks laid crosswise thereon and up against the toe plate, made a floor from which the iron pipe could not fall unless the planks were moved or disarranged.

There was testimony that just before the pipe fell employees of another subcontractor had taken material up the well shaft and piled it on the planking at the elevation where the pipe had been left. There was no direct evidence as to the cause of the falling of the pipe, but it is evident that it was dislodged

by some human agency from the place where de-
fendant's employee had laid it. If the pipe was dis-
lodged and precipitated by agency other than
defendant's then defendant is not liable. Whatever
caused the pipe to fall, it was not shown to be by
reason of any act of an employee of defendant. We
do not think it can be said that the leaving of the
pipe next to the toe plate on the floor constituted
actionable negligence, and, no further act of de-
fendant's employees causing the pipe to fall being
made to appear, plaintiff failed to present a case
for consideration by the jury.

We cannot hold the laying of the pipe alongside
of the toe plate constituted a potential danger. If
it was disturbed and thereby caused to fall, the dis-
turber was the one creating it a menace. It is at
this point the proof fails to show any act by de-
fendant's employees disturbing or dislodging the
pipe, and this want of proof cannot be supplied by
presumption.

As we said in *Patt* v. *Dilley,* 273 Mich. 601:

"Presumptions disappear when the facts appear.
The facts appear when the evidence is introduced
from which the facts may be found. Presumptions
cannot be weighed against evidence for they fade
out in the light of evidence, no matter how contra-
dictory the evidence."

See, also, *Maki* v. *William Bonifas Lumber Co.,*
278 Mich. 610; *Gillett* v. *Michigan United Traction
Co.,* 205 Mich. 410; *Christiansen* v. *Hilber,* 282 Mich.
403.

Upon the record the circuit judge should have
directed a verdict in favor of the defendant at the
close of plaintiff's proofs. To sustain this verdict
and judgment would require employment of the rule
*res ipsa loquitur,* and in this jurisdiction that is not

done.   This determination renders it unnecessary to consider other points raised.

The judgment is reversed, without a new trial and with costs to defendant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.