GEIB *v.* SLATER.

1. AUTOMOBILES—LIABILITY OF OWNER—STATUTES—CONSENT.
   Under statute imposing liability upon the owner of an automobile for injuries resulting from negligence while being operated with his consent, the owner who left it at a service station was liable with service station owner and his employee for fatal injuries to plaintiff's decedent due to negligence of the employee (1 Comp. Laws 1929, § 4648).

2. TORTS—JOINT TORT-FEASORS.
   Liability for a tort is not the same as liability as a joint tortfeasor.

3. AUTOMOBILES—LIABILITY IMPOSED UPON OWNER—STATUTES—COMMON LAW.
   The liability imposed upon the owner of an automobile for injuries due to negligence in its operation with his consent is purely statutory and in derogation of the common law (1 Comp. Laws 1929, § 4648).

4. STATUTES—DEROGATION OF COMMON LAW—CONSTRUCTION.
   A statute in derogation of the common law must be strictly construed so as not to impose liability beyond the terms thereof.

5. AUTOMOBILES—CONSENT OF OWNER—NEGLIGENCE—RESPONDEAT SUPERIOR.
   The liability of the owner of a motor vehicle for damages caused by the negligent operation thereof by another person rests upon the doctrine of agency, express or implied, the doctrine of *respondeat superior* (1 Comp. Laws 1929, § 4648).

6. SAME—ORDINARY NEGLIGENCE IMPUTED TO OWNER.
   The liability of the owner of a car is the same whether the driver is guilty of gross or ordinary negligence, only ordinary negligence but not gross negligence being imputed to the owner (1 Comp. Laws 1929, § 4648).

7. TORTS—INDEPENDENT TORT-FEASORS.
   Since it is not the injury but the wrongful act which creates tort liability, if the acts of different persons are different and

---

Distinction between ordinary negligence and wilful and wanton misconduct, see 2 Restatement, Torts, chap. 19 scope note, § 500, comment g.

separate when done because neither had any design in the matter or any control or influence over the acts of the other, they are not joint acts merely because they happen to occur at the same or at different times and affect the same person and the wrongdoers are independent tort-feasors.

8. AUTOMOBILES—NEGLIGENCE—RESPONDEAT SUPERIOR.

Owner of car whose liability for fatal injuries to plaintiff's decedent, caused by negligent operation of car by employee at service station where defendant had left it, was imposed by statute and is based upon the doctrine of *respondeat superior*, hence the owner was not a joint tort-feasor (1 Comp. Laws 1929, § 4648).

9. RELEASE—AUTOMOBILE OWNER—SERVICE STATION OWNER AND EMPLOYEE.

Statute permitting separate compromise of claim against two or more joint tort-feasors would not apply to bar defense of release on part of owner of automobile which fatally injured plaintiff's decedent when negligently operated by service station employee where plaintiff had obtained a settlement from service station owner and employee, since defendant car owner was not a joint tort-feasor (1 Comp. Laws 1929, § 4648; Act No. 303, § 2, Pub. Acts 1941).

Appeal from Kent; Souter (Dale), J. Submitted January 8, 1948. (Docket No. 35, Calendar No. 43,937.) Decided February 16, 1948.

Case by Fred P. Geib, executor of the estate of John K. Hanna, deceased, for damages for decedent's death. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Clem H. Block,* for plaintiff.

*Allaban & Wiarda,* for defendant.

BUTZEL, J. Plaintiff, as executor of the estate of John K. Hanna, alleges that his decedent sustained severe injuries, which later caused his death, while walking on a sidewalk in Grand Rapids, Michigan,

through being struck by an automobile owned by the defendant and being negligently operated by one Phil Baker. It appears that the car had been left at a service station owned and operated by one Walter J. Hayes for servicing, and that the car was being backed up across the sidewalk by Baker, an employee of Hayes, at the time of the accident. Decedent died eight months after the accident. Neither Hayes nor Baker are joined as defendants in this action, plaintiff predicating his right to recover solely on the statute which imposes liability upon the owner of a motor vehicle for negligence of persons operating it with his consent. (1 Comp. Laws 1929, § 4648 [Stat. Ann. § 9.1446]) There is no allegation that defendant is guilty of any act of negligence, and plaintiff concedes in his statement of reasons and grounds for appeal that defendant did not in any manner participate in causing the decedent's injury.

Defendant, in his answer, denies that either Hayes or Baker were negligent, and he further denies that the decedent's death resulted from the injuries he received in the accident. As a special defense, he has shown that a suit brought by decedent in his lifetime against Walter J. Hayes to recover damages for injuries arising out of the alleged accident was dismissed with prejudice following a settlement wherein Walter J. Hayes paid plaintiff's decedent $2,550 and decedent executed a receipt specifically releasing Walter J. Hayes and Phil Baker, his employee, from any and all claims, demands, actions and causes of action which plaintiff's decedent had or might thereafter have arising out of the accident. The other defenses raised need not be discussed.

Defendant made a motion for judgment on the pleadings. This motion set forth the facts regarding the previous suit, the dismissal with prejudice,

the receipt of $2,550 by plaintiff's decedent, and the release. A copy of the release was attached to the motion. The words "and all other persons" were stricken out from it where they appeared on the release form after the names of Hayes and Baker. In the release it is stated that the money paid in consideration thereof "is paid in full satisfaction and discharge of all claims and demands by reason of the damages, losses, and injuries mentioned above," referring to the accident. The trial judge granted the motion, and plaintiff has appealed.

In opposition to the defense of release and satisfaction set up by defendant, plaintiff relies on Act No. 303, § 2, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 14497b, Stat. Ann. 1947 Cum. Supp. § 27.1683[2]), which provides:

"It shall be lawful for all persons having a claim or cause of action against 2 or more joint tortfeasors to compound, settle with, and discharge, at any time prior to rendition of a judgment in said action, any and everyone or more of said joint tortfeasors for such sum as such person may deem fit, without impairing the right of said person or persons, to demand and collect the balance of said claim or cause of action from the remaining joint tortfeasors, against whom such person, or persons, has such claim or cause of action, and not so released."

The determinative question presented on this appeal is whether Walter J. Hayes, the service station owner, Phil Baker, his employee, and the defendant are joint tort-feasors within the meaning of the above quoted act. If defendant is not a joint tortfeasor, he cannot be held liable, for in that event the release of Hayes and Baker also released him.

To answer this question, we must determine the nature of the liability which was created by 1 Comp. Laws 1929, § 4648 (Stat. Ann. § 9.1446). There is

no question but that under this statute defendant was liable with Hayes and Baker on decedent's cause of action. However, *liability for a tort* is not the same as *liability as a joint tort-feasor*. Defendant's liability is purely statutory, and the statute creating it is in derogation of the common law. The statute must be strictly construed and we may not go beyond it to impose liability. *Wieczorek* v. *Merskin,* 308 Mich. 145. As to the nature of the liability, our Court approved the following rule in *Riser* v. *Riser,* 240 Mich. 402 (27 N. C. C. A. 518):

"The liability of the owner of a motor vehicle for damages caused by the negligent operation thereof by another person, rests upon the doctrine of agency, express or implied.

"The liability is based upon the doctrine of *respondeat superior.*"

We have recognized that the owner's liability is different from that of the driver of the car. For example, in *Wieczorek* v. *Merskin, supra,* we held that although the owner's liability is the same whether the driver is guilty of gross or ordinary negligence, the statute imputes only ordinary negligence to him and not gross negligence. Thus, the owner is not guilty of the gross negligence of the driver.

In *Frye* v. *City of Detroit,* 256 Mich. 466, we were called upon to decide whether persons committing two different torts almost concurrently were joint tort-feasors. In holding that they were independent tort-feasors, we quoted from *Dickson* v. *Yates,* 194 Iowa, 910 (188 N. W. 948, 27 A. L. R. 533), as follows:

" 'It is not the injury, but the wrongful act, which creates the liability. If the acts of the different persons are different and separate when done, they may not be called joint acts because they happen to

occur at the same time or at different times and affect the same person, neither party having any design in the matter of any control or influence over the acts of the other.' "

The same reasoning applies in the instant case. Defendant is guilty of no tortious act; he did not participate in the commission of the tort; and his liability arises only by operation of law. He is not a joint tort-feasor, but his statutory liability is based upon the doctrine of *respondeat superior*. It may be compared with that of a surety for the honesty of an employee, whose obligation differs from that of his surety. Thus, section 2 of Act No. 303, *supra*, is not a bar to the defendant's plea in this case.

By the great weight of authority, a valid release of either the master or servant from liability for tort operates to release the other. See annotation, 126 A. L. R. 1199, and cases there cited.

Plaintiff, in his brief, calls attention to a number of cases from other jurisdictions, many of them from inferior courts, in which the term "joint tort-feasor" was used. There is no question but that the term has frequently been used carelessly. The question here presented was not considered in *Conover* v. *Hecker,* 317 Mich. 285, in which all of the defendants were guilty of negligence. *Kallas* v. *Lincoln Mutual Casualty Co.,* 309 Mich. 626; and *Larabell* v. *Schuknecht,* 308 Mich. 419, involved covenants not to sue, and the rule as to such covenants differs from the rule as to releases. See *Garstka* v. *Republic Steel Corp.,* 294 Mich. 387, 396, and cases there cited.

The trial judge properly held that defendant was not a joint tort-feasor and his order granting defendant's motion for judgment of no cause of action is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, DETHMERS, and CARR, JJ., concurred.