NORTHRUP v HYATT

Release—Torts—Tortfeasors—Negligence—Dramshop Act.

The release of one tortfeasor does not apply to another tortfeasor, where the released tortfeasor's liability is grounded on negligence and the other tortfeasor's liability is grounded on violation of the dramshop act (MCLA 436.22).

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 June 14, 1974, at Lansing. (Docket No. 17410.) Decided July 23, 1974.

Complaint by Robert D. Northrup, for himself and as next friend of Robert S. Northrup, a minor, and by Evelyn Northrup against James L. Hyatt and against James Coscarelli and Pat DeLuca, doing business as the Willow Bar, for damages for injuries received in an automobile accident. Action against defendant Hyatt dismissed by stipulations. Accelerated judgment for defendants Coscarelli and DeLuca. Plaintiffs appeal. Reversed and remanded.

*W. Charles Kingsley,* for plaintiffs.

*James A. Timmer,* for defendants Coscarelli and Deluca.

Before: Quinn, P. J., and V. J. Brennan, and Carland,* JJ.

Reference for Points in Headnote
74 Am Jur 2d, Torts § 69.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

QUINN, P. J. The trial court granted an accelerated judgment to defendants Coscarelli and DeLuca, d/b/a Willow Bar (hereinafter defendants) and against plaintiffs. Plaintiffs appeal and we reverse.

December 12, 1969, a collision occurred between automobiles driven by James Hyatt and Robert D. Northrup. Robert D. Northrup's 15-year-old son, Robert S. Northrup, was a passenger in the father's car. This action for damages was filed against Hyatt and defendants. The claim against defendants was an alleged violation of the dramshop act, MCLA 436.22; MSA 18.993.

The action against Hyatt was settled and plaintiffs executed releases to him. Additionally, stipulations for dismissal of the action against Hyatt were executed by plaintiffs' counsel and by Robert D. Northrup as guardian ad litem for Robert S. Northrup. On the basis of these stipulations, orders of dismissal as to Hyatt entered October 6, 1972.

January 25, 1973, the date for trial of plaintiffs' action against defendants, the latter moved for accelerated judgment on the basis that plaintiffs' release of Hyatt also released defendants. The theory behind this reasoning is found in *Geib v Slater,* 320 Mich 316; 31 NW2d 65 (1948). That theory is that a party who releases a tortfeasor who acted independently and concurrently with another to cause a single, indivisible injury releases all such tortfeasors.

We find the *Geib* theory inapplicable to the case before us; *Geib* involved two tortfeasors based on their alleged negligence. Defendants' alleged liability is not grounded on any theory of negligence but arises because of an alleged violation of the statute, *Virgilio v Hartfield,* 4 Mich App 582; 145

NW2d 367 (1966). The release of Hyatt did not release defendants.

Additionally, the record before us establishes beyond question that the release from plaintiffs to Hyatt was intended to release Hyatt and no one else.

These conclusions obviate discussion of the other issues raised on appeal.

Reversed and remanded with costs to plaintiffs.

All concurred.