## MALONE v SCM CORPORATION

1. CONTRACTS—THIRD-PARTY BENEFICIARY—DONEE BENEFICIARY—
   COMMON LAW—STATUTES—PROMISOR—PROMISEE.

   A third-party donee beneficiary of an insurance contract is al-
   lowed by statute to maintain an action on the contract against
   the promisor even though at common law no contractual
   relationship was recognized, but neither the statute nor the
   common law permit an action by the third-party donee benefici-
   ary against the promisee (MCLA 600.1405).

2. PLEADING—AMENDMENTS TO PLEADINGS—DISCRETION—ABUSE OF
   DISCRETION—APPEAL AND ERROR.

   Amendments to pleadings are discretionary with the trial court,
   and its decision will be reversed only where it has abused its
   discretion.

3. TORTS—RELEASE—MASTER AND SERVANT—RESPONDEAT SUPERIOR.

   A release of either a master or a servant from liability for tort
   operates to release the other where liability is based upon the
   doctrine of *respondeat superior.*

4. RELEASE—NEGLIGENCE—MASTER AND SERVANT—RELEASE OF SER-
   VANT—FRAUD—DECEIT—MISREPRESENTATION—EFFECT—ABRO-
   GATION.

   The fact that a plaintiff who signed a release of liability for an
   employee of the defendant in a negligence action did not
   understand that the defendant would also be legally released
   does not abrogate the release where there is no evidence of
   fraud, deceit or misrepresentation by the defendant.

Appeal from Saginaw, Fred J. Borchard, J. Sub-
mitted April 18, 1975, at Lansing. (Docket No.
20456.) Decided July 23, 1975. Leave to appeal
denied, 395 Mich 770.

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance §§ 1774, 1775.
[2] 61 Am Jur 2d, Pleading §§ 305–336.
[3, 4] 53 Am Jur 2d, Master and Servant §§ 219, 408, 409.
   66 Am Jur 2d, Release § 43.

Complaint by Caroline M. Malone, as administratrix of the estate of John M. Malone, deceased, against SCM Corporation for damages for wrongful death and as third-party beneficiary of a contract for liability insurance. Judgment for defendant. Plaintiff appeals. Affirmed.

*Hamed W. Suffety,* for plaintiff.

*Isackson & Neering, P. C.,* for defendant.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, Jr., JJ.

PER CURIAM. Plaintiff appeals as of right from the dismissal of a wrongful death action which she brought on behalf of her husband's estate. The decedent met his death when a truck driven by Gregorio Alonzo, a contract driver for the defendant, went out of control and collided with decedent's automobile head on. A two-count complaint was filed charging that the defendant was negligent under the doctrine of *respondeat superior* and that decedent was the beneficiary of a contract between Alonzo and the defendant to procure a minimum of $50,000 worth of liability insurance.

Plaintiff contends that summary judgment should not have been granted on the third-party beneficiary count. The contract between Alonzo and the defendant provided that Alonzo would procure automobile liability insurance in the amount of not less than $50,000 for one person, $100,000 for one accident, $10,000 property damage, and that such insurance could not be cancelled without ten days notice to the defendant. However, Alonzo could not procure more than the

statutory minimum insurance.[1] The defendant knew this, but permitted Alonzo to perform under the contract in violation of the covenant. Although the defendant intended to benefit itself through the insurance clause, the decedent was also an intended donee beneficiary of the contract. *Guardian Depositors Corp v Brown,* 290 Mich 433; 287 NW 798 (1939), *Talucci v Archambault,* 20 Mich App 153; 173 NW2d 740 (1969).

However, with a donee third-party beneficiary contract it is necessary to determine who was the promisee and who was the promisor of the third-party beneficiary terms. In this case Alonzo promised to procure $50,000 of insurance for the benefit of the defendant and also for the benefit of anyone whom he negligently injured. In the case of a donee beneficiary at common law there was no one that he could maintain an action against since there was no contractual relationship between the promisee of the original contract and the donee beneficiary. *Linneman v Moross' Estate,* 98 Mich 178; 57 NW 103 (1893). This was changed by statute to allow a suit to be maintained against the promisor. MCLA 600.1405; MSA 27A.1405. However, in this case since the defendant is the promisee, the plaintiff is suing the wrong party. *Cf. Lawrence v Fox,* 20 NY 268 (1859), 4 Corbin, Contracts, § 810, p 234. Summary judgment was properly granted.

Plaintiff also argues that the trial court abused its discretion in allowing the defendant to amend its answer to allege the affirmative defense of a release and then granting accelerated judgment on the amended complaint. Before the present suit was commenced the plaintiff executed a settlement

---

[1] At the time, $10,000/20,000/5,000 was the minimum statutory coverage. MCLA 257.520; MSA 9.2220.

and a release with Alonzo with the probate court's authorization while she was not represented by counsel. The defendant also made an offer of settlement at the same time through its attorney, but it was rejected. On appeal, this Court will only reverse the trial court's decision to either allow or disallow an amendment to the pleadings if the trial court abused its discretion. *Graham v Thorman,* 354 Mich 629; 93 NW2d 264 (1958), *Fred Gibbs, Inc v Old Colony Insurance Co,* 30 Mich App 352; 186 NW2d 396 (1971). Although defendant had constructive notice that the release had been executed 27 months before, so had the plaintiff; therefore the trial court did not abuse its discretion in allowing the amendment. *Accord, Ben P Fyke & Sons, Inc v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973).

In granting defendant's motion for accelerated judgment under GCR 1963, 116.1(5), the trial court had to determine if the release given Alonzo in the probate court served to release the defendant. Assuming *arguendo* that Alonzo was the defendant's employee, if the release was valid against Alonzo the release was also valid against the defendant. *Drinkard v William J Pulte, Inc,* 48 Mich App 67; 210 NW2d 137 (1973).

The fact that the plaintiff might not have understood the legal effect of the release does not abrogate the release. *Schmalzriedt v Titsworth,* 305 Mich 109; 9 NW2d 24 (1943). After a review of the record we find that there is no evidence of fraud, deceit or misrepresentation by the defendant at the time plaintiff executed the release. *Cf. Barr v Payne,* 298 Mich 85; 298 NW 460 (1941). Since there were possible other theories that the plaintiff could have used against the defendant the fact that defendant made an offer of settlement at the

same time that settlement was reached with Alonzo should not be construed against the defendant. The trial court correctly granted defendant's motion for an accelerated judgment.

There being no error, the judgments of the trial court are affirmed. Costs to appellee.