SMITH v CITY OF FLINT SCHOOL DISTRICT

1. RELEASE—MASTER AND SERVANT—TORTS—TORT LIABILITY—RESPON-
DEAT SUPERIOR.

The release of a servant operates to release a master liable solely
under the doctrine of *respondeat superior;* the rationale for this
rule is that the employer is not guilty of a tortious act, he did
not participate.in the commission of a tort, and liability arises
only by operation of law.

2. RELEASE—MASTER AND SERVANT—RELEASE OF EMPLOYEE—EM-
PLOYEE-EMPLOYER RELATIONSHIP—RELEASE OF EMPLOYER.

The rule that an employer is released when an employee is
released is a general rule which applies regardless of whether
the employee-employer relationship is known; a lack of knowl-
edge or the fact that a plaintiff might not have understood the
legal effect of the release does not abrogate it.

3. RELEASE—EQUITY—REFORMATION OF RELEASES.

The Court of Appeals may in equity release a party from the
legal effect of a release for damages resulting from an accident
where the parties could not know that a cause of action would
lie, there were new or additional compensable claims, or un-
foreseen serious injuries developed after signing the release.

4. RELEASE—MASTER AND SERVANT—EMPLOYEE-EMPLOYER RELATION-
SHIP—RELEASE OF EMPLOYEE—SUIT AGAINST EMPLOYER.

An injured party's release of an employee bars suit against the
employer where the releasor knew, should have known, or

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur 2d, Master and Servant § 408.
[1-4] Release of (or covenant not to sue) master or principal as
affecting liability of servant or agent for tort, or vice versa. 92
ALR2d 533.
[2] 53 Am Jur 2d, Master and Servant § 411.
[3] 66 Am Jur 2d, Release § 55.
Extent or nature of injuries, avoidance of release of personal injury
claims on ground of fraud or mistake as to. 71 ALR2d 82.
[4] 53 Am Jur 2d, Master and Servant § 406.

could have discovered the employee-employer relationship at the time of signing the release.

Appeal from Genesee, Philip C. Elliott and Earl E. Borradaile, JJ. Submitted November 2, 1977, at Lansing. (Docket No. 28593.) Decided January 5, 1978.

Complaint by Emma J. Smith and James F. Smith against the City of Flint School District, the Flint Board of Education and Dennis Borton, Francis Borton and James Borton for damages resulting from an automobile accident. Motion for summary judgment by defendants school district and board of education denied. Motion for rehearing denied. Defendants school district and board of education appeal by leave granted. Reversed and remanded.

*Hal W. Ziegler,* for plaintiffs.

*Smith & Brooker, P. C.* (by *Lawrence E. Nill),* for defendants.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

PER CURIAM. Plaintiffs commenced this action in Genesee County Circuit Court seeking damages resulting from an automobile accident alleged to have occurred between plaintiff, Emma Jean Smith, and Dennis Borton, an employee of one of the defendants, City of Flint School District.

Plaintiffs' complaint stated that Dennis Borton, at the time of the accident, was under the employ and control of the defendants, and, accordingly, they should be held responsible for his negligent

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

acts. This employ consisted of work within a skill and vocational program operated and controlled by defendants for which Borton received compensation.

Defendants, in a motion for summary judgment, asserted that plaintiffs' release in favor of Dennis Borton and his parents barred the action. Plaintiffs responded that the release was not effective against defendants because they were unaware of the employee-employer relationship at the time the release was signed.

The release discharged Dennis Borton and James Borton and

"[T]heir executors, administrators, and all persons or organizations responsible for his/their acts from all claims and causes of action for all injuries, losses, and damages sustained * * * arising from an incident all or part of which occurred on or about the 17th day of April, 1972, at or near Perry Road near Vassar Road, County of Genesee, State of Michigan."

The trial court denied defendants' motion for summary judgment. However, it certified that its order involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation.

Michigan courts have consistently held that a release of a servant operates to release a master liable solely under the doctrine of *respondeat superior*. *Geib v Slater*, 320 Mich 316; 31 NW2d 65 (1948), *Witucke v Presque Isle Bank*, 68 Mich App 599; 243 NW2d 907 (1976), *lv den*, 397 Mich 842 (1976), *Drinkard v William J Pulte, Inc*, 48 Mich App 67; 210 NW2d 137 (1973). The rationale for this rule is that the employer is not guilty of a

tortious act, he did not participate in the commission of a tort, and liability arises only by operation of law. *Geib v Slater, supra.*

"One view expressed is that because the basis of liability on the theory of respondeat superior is that the master is liable only for the act of his servant, and not for anything he himself did, therefore, when the servant is not liable, the master for whom he was acting at the time should not be liable." 53 Am Jur 2d, Master and Servant, § 408, p 416.

Although the question at bar has not been considered by Michigan courts, there is no reason to determine that plaintiffs' lack of knowledge should change the outcome required by the general rule. The fact that the plaintiffs might not have understood the legal effect of the release does not abrogate it. *Malone v SCM Corp,* 63 Mich App 11; 233 NW2d 872 (1975). Furthermore, the rationale behind releasing an employer when the employee is released applies regardless of whether the employee-employer relationship is known.

The question remains whether this Court in equity should relieve plaintiffs from the legal effect of their release. In *Chuby v General Motors Corp,* 69 Mich App 563; 245 NW2d 134 (1976), this Court struck down a general release which it found was not "fairly and knowingly" made. At the time the release was executed Michigan law apparently held that no liability existed for loss of society and companionship because of the wrongful death of plaintiff's son. However, a later case, which made its holding retroactive, held that such a cause of action did lie. *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972). This Court struck down the *Chuby* release because "the parties *had no way of knowing"* that the cause of action would lie and

because the release was also apparently executed under the mistaken assumption that the decedent had experienced no pain and suffering.

*Chuby* is distinguishable from the instant case in two respects. First, in *Chuby* the parties could not know that the cause of action would lie; in the instant case, the employee-employer relationship could have been discovered. Second, in *Chuby* the mistakes resulted in two additional compensable claims; in the instant case, there is no indication that plaintiffs are alleging new claims. Other cases dealing with reformation of releases concern plaintiffs who develop unforeseen serious injuries after signing the release. See, *e.g., Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957). The *Denton* Court set forth the "fair and knowing" test. Plaintiffs' allegation of mistake goes to the "knowing" prong. On this issue there is a distinction between the unforeseen injury cases and the unknown defendant case. The former cannot be discovered and the latter can. Therefore, the reasonable approach would be to consider what the releasor knew or should have known at the time of the signing of the release. In this case, plaintiffs could have discovered the relationship, therefore the instant suit should be barred by the release.

The trial court's denial of defendants' motion for summary judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Costs to defendants.