406 So.2d 101 (1981)
RIVERVIEW CONDOMINIUM CORP., etc., Appellant,
v.
CAMPAGNA CONSTRUCTION CO., etc., et al., Appellees.
No. 81-313.
District Court of Appeal of Florida, Third District.
November 24, 1981.
*102 Becker, Poliakoff & Strietfeld and Charles Morgenstein, Fort Lauderdale, for appellant.
Salter, Yeslow & Burnstein and Jerrold Knee, Hollywood, for appellees.
Before SCHWARTZ, NESBITT and JORGENSON, JJ.
SCHWARTZ, Judge.
The appellant condominium association sued the developer, Campagna Construction Co; its president, Italo Campagna, individually; and Home Federal Savings & Loan to recover damages resulting from the allegedly improper construction of the roof of the condominium building. The trial court dismissed the amended complaint as against all parties and the association has brought this appeal.
Because valid claims were asserted against Campagna and the construction corporation on a variety of theories, the judgment below is reversed as to these defendants. See, Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc., 406 So.2d 515 (Fla. 4th DCA 1981); Gable v. Silver, 258 So.2d 11 (Fla. 4th DCA 1972), cert. discharged, 264 So.2d 418 (Fla. 1972).
The complaint was properly dismissed, however, as to Home Federal. The sole basis of the plaintiff's action against the lender was as the alleged third-party beneficiary of an agreement between Home and Campagna, in which Campagna  to forestall Home's mortgage foreclosure action against him  promised Home that he would repair the roof. No third-party claim lies, however, against a party which, like the Federal, is merely the promisee of the contract relied upon. Malone v. SCM Corp., 63 Mich. App. 11, 233 N.W.2d 872, 873 (1975); see 4 Corbin on Contracts § 810 (1951); 11 Fla.Jur.2d Contracts § 153 (1979) ("It is the undertaking on the part of the promisor, as a consideration to the promisee, to benefit the third person, that gives rise to a cause of action by the beneficiary against the promisor, resting upon the contract itself." [e.s.])
Affirmed in part, reversed in part.