DAUKSCH, Judge.
This is an appeal and cross-appeal of a final judgment in which the trial court found for the appellant but also found that *531 the appellant had failed to establish any damages recoverable from either of the appellees/cross-appellants.
The appellant, Dominic Bilic, is a minority shareholder in New Fairway Investments of Florida, Inc. (New Fairway). On November 11, 1981, New Fairway entered into a loan agreement with The Royal Bank of Canada (Royal Bank). Under the agreement, Royal Bank agreed to lend New Fairway np to $1.55 million. The purpose of the loan was to finance the development of a trailer park in Brevard County. The loan agreement in section 2.1 contained the following provision:
2.1 Commitment: (a) Subject to the terms and conditions of this Agreement, the Bank agrees to make advances to the Borrower from time to time during the period from the date hereof and including May 1, 1982 (i) in the amount of US$450,000 to repay indebtedness to the Bank’s Rexdale and Kipling Branch in Toronto incurred in connection with the acquisition of the Premises by Americana [a subsidiary of New Fairway], (ii) in the amount of US$150,000 to repay amounts advanced to the Borrower by Dominic Bilic, 'provided that the proceeds of this Advance shall be deposited with the Bank until a date not earlier than the Termination Date, and (iii) in an aggregate principal amount not exceeding US$950,000 to finance Construction Costs and Other Costs.
By December 14, 1981, Royal Bank had made disbursements on behalf of New Fairways totaling over $1.5 million. This total included the $450,000 which was to be repaid to the Toronto branch of Royal Bank but did not include the $150,000 that was to be repaid to Bilic.
Ultimately, to recover his money, Bilic filed suit against New Fairway, Royal Bank, and three individual defendants on a theory of conversion. A final summary judgment was entered against Bilic on the grounds that the four-year statute of limitations had run. On May 25, 1989, this court reversed that judgment, finding that the court erred in not allowing Bilic to amend his complaint to state a cause of action for breach of contract. Bilic v. New Fairways Investments of Fla., Inc., 543 So.2d 458 (Fla. 5th DCA 1989). Shortly thereafter, Bilic received the $150,000 principal owed. He then amended his complaint to allege that New Fairway and Royal Bank had breached their agreement to set aside loan proceeds on his behalf and that therefore he was entitled to judgment for damages, pre-judgment interest, and costs and attorney’s fees. The trial court granted final judgment in Bilic’s favor but denied him any damages or prejudgment interest. The essential question raised in this appeal and cross-appeal is whether the trial court incorrectly denied Bilic statutory interest on his $150,000 from the point in time that the debt was due to the time it was repaid.
In asserting entitlement to the statutory interest, Bilic argues he was a third party beneficiary to the agreement between New Fairway and Royal Bank. New Fairway in this appeal correctly notes the third party beneficiary principle of law that “it is the undertaking on the part of the promisor as a consideration to the promisee, to benefit the third person, that gives rise to a cause of action by the beneficiary against the promisor, resting upon the contract itself.” Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264 (1933). See also Auto Mutual Indemnity Co. v. Shaw, 134 Fla. 815, 184 So. 852 (1938); Crabtree v. Aetna Casualty & Surety Co., 438 So.2d 102 (Fla. 1st DCA 1983); Riverview Condominium Corp. v. Campagna Constr. Co., 406 So.2d 101 (Fla. 3d DCA 1981). New Fairway then argues that, as to the sums that were to be repaid to Bilic, Royal Bank was the promisor and New Fairway was the promisee since under the agreement the bank was to make advances to New Fairway. The problem with this argument is that the bank, in agreeing to advance sums to New Fairway, was not making a promise to undertake to benefit third party Bilic. Rather, as a condition of the loan, Royal Bank required New Fairway to repay Bilic with part of the loan proceeds. The promisor, the party that undertook to benefit Bilic as a consideration to the prom-isee, is New Fairway.
*532 New Fairway breached its agreement to repay Bilic on December 14,1981, the point in time when New Fairway had drawn over $1,514 million on its $1.55 million loan but had failed to set aside any of those loan proceeds for repayment of the Bilic advance. Accordingly, Bilic is entitled to statutory interest from December 14, 1981, the date he should have been repaid, to the date in 1989 when he was repaid. See Roberts v. CFW Constr. Co., Inc., 586 So.2d 1309 (Fla. 5th DCA 1991).
Having read the record and considered the applicable law, we reject the argument that the purported modification of this contract had any effect on Bilic’s rights. The final judgment is therefore reversed to the extent it denies statutory interest in favor of Bilic and against New Fairway.
AFFIRMED in part; REVERSED in part; REMANDED.
HARRIS, J., and WALDEN, J.H., Senior Judge, concur.