HOBAN v. RYDER.

1. MOTOR VEHICLES—EVIDENCE—SUFFICIENCY.
   In action for damages resulting from automobile collision, evidence *held*, sufficient to justify verdict in favor of plaintiffs.

2. RELEASE—CONCURRENT TORTFEASORS—FRAUD.
   Although release of one of two concurrently negligent tortfeasors will release the other, such release becomes ineffective when induced by fraud.

3. SAME—QUESTION FOR JURY.
   Whether release of one of two concurrently negligent tortfeasors was induced by fraud, *held*, properly presented to jury.

As to effect of release of one joint tortfeasor on liability of the other, see annotation in 58 L. R. A. 293; L. R. A. 1918F, 363, 66 A. L. R. 206.

4. SAME—FRAUD—RETURN OF CONSIDERATION BEFORE BRINGING AC-
   TION—COMPROMISE AND SETTLEMENT.

 Where plaintiff, injured in automobile collision, was induced by
one of two concurrently negligent tortfeasors to sign release
on fraudulent representation that it only covered damage to
her clothing and jewelry, caused by resulting fire, it was not
necessary for her to return money so received as prerequisite
to bringing action against other tortfeasor for personal in-
juries.

5. TRIAL—INSTRUCTION—NEGLIGENCE—CONTRIBUTORY   NEGLIGENCE—
   PROXIMATE CAUSE.

 Instruction that contributory negligence, to bar plaintiff's re-
covery of damages resulting from automobile collision, must
be proximate cause of accident, was erroneous.

6. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.

 Where trial judge repeatedly stated correct rule of law in gen-
eral charge to jury, error in isolated excerpt which could not
have misled jury, stating that, before contributory negligence
can bar plaintiff from recovering, it must be proximate cause
of accident complained of, *held,* not prejudicial.

Appeal from Wayne; Toms (Robert M.), J. Sub-
mitted January 20, 1932. (Docket No. 132, Calendar
No. 36,092.) Decided March 2, 1932.

Separate actions of case by Edward and Marion
Hoban against Charles Ryder for damages for per-
sonal injuries received by Marion Hoban in an auto-
mobile collision. Verdict and judgment for plain-
tiffs. Defendant appeals. Affirmed.

*Colombo, Colombo & Colombo,* for plaintiffs.

*Wm. E. Robb* and *Charles C. Conklin* (*Don W.
Van Winkle* and *Perry W. Richwine,* of counsel), for
defendant.

BUTZEL, J. Marion Hoban and her husband,
Edward Hoban, are the respective plaintiffs in two

suits which have been consolidated after being begun against Charles Ryder, defendant. Charles Ryder died after the suits were begun, and the Equitable & Central Trust Company, as administrator of his estate, was also joined as a party defendant. Ryder's death was in no way related to the automobile accident, the cause of the present litigation.

Mrs. Hoban was a guest passenger of Bertha Solomon, and, on the 5th day of July, 1927, started out with her for Ann Arbor, Michigan. They rode in Mrs. Solomon's Buick car, driven by one Mulvey. The car left Detroit and was driven in a westerly direction along the Plymouth road, a concrete highway, then only 18 feet in width. Between 10 and 11 a. m. the car had reached the Ryder home, from which a driveway leads out to the Plymouth road. In accordance with the testimony for Mrs. Hoban, when the car was from 20 to 25 feet from the intersection of the driveway with the Plymouth road, a Ford car owned by Ryder and driven by one of his friends suddenly came out of the driveway onto Plymouth road. It was claimed that the Ford car was not stopped when it reached the road, but immediately crossed to the south side of the road. The driver of the Buick car steered out to the left side of the road in a futile effort to avoid an accident, but the Ryder car struck the Buick car. It was badly damaged and forced into a ditch, where it caught on fire. Mrs. Hoban was very seriously injured, and it became necessary to amputate her right leg. Plaintiffs claim that, looking from the east, the view of the entrance to the driveway is partly obstructed by foliage, and that the Ford car not only failed to stop when it reached the highway, but was driven across the center to the south side of the road. It was claimed on behalf of defendant that the Buick car

was driven at a rate of speed prohibited by the law at the time of the accident, and that even if there were any negligence on the part of defendant, the driver of the Buick car was guilty of contributory negligence which was attributable to plaintiffs, and would preclude them from recovering. Mrs. Hoban asks damages for personal injuries, pain and suffering, and Mr. Hoban seeks to recover the medical expenses, etc., incurred in his wife's behalf, and also for the loss of her services. The two cases after being consolidated were heard as one. It is not necessary to further detail the facts. There was sufficient testimony to substantiate the verdict of the jury who found in favor of plaintiffs.

While Mrs. Hoban was in the hospital she was visited by an agent of the insurance company that had insured the Solomon car. According to her testimony, it was represented to her that the company was willing to pay for her jewelry and wearing apparel that was destroyed by the fire following the collision, and she was asked to enumerate the articles and their value, which amounted to $291.50. She claims that she was further assured by the adjuster for the company that the acceptance of such sum would not in any way interfere with her claim for damages against Ryder. She further claims that, upon being paid the amount, she was asked to sign a paper represented to be only a receipt for money paid for the articles that she had lost, but that later, without her knowledge or consent, a clause was added releasing Mrs. Solomon from further claims. Mr. Hoban, who received no additional sums, claimed also that the document he signed was only in payment for his wife's clothes. All the facts in regard to the execution of this receipt or release were submitted to the jury for their determination on

whether or not plaintiffs had been induced by fraud and deceit to sign the release. We are limiting our opinion solely to the questions as presented on the briefs. While it is true that the release of one of two concurrently negligent tortfeasors will release the other, such release becomes ineffective when induced by fraud. This was a question of fact which was fairly presented to the jury and decided in favor of plaintiffs. *Berry* v. *Whitney,* 40 Mich. 65, 72; *O'Neil* v. *Lake Superior Iron Co.,* 63 Mich. 690, 698; *Porth* v. *Cadillac Motor Car Co.,* 198 Mich. 501. Nor was it necessary, as claimed by appellant, for plaintiffs to return the money so received under the circumstances of the present case, as a prerequisite to beginning suit. *Barriger* v. *Ziegler,* 241 Mich. 83.

In the charge to the jury the judge made a statement indicating that before contributory negligence can bar a plaintiff from recovery, it must be the proximate cause of the accident complained of. Obviously this was an incorrect statement of the law. *Rockwell* v. *Railway Co.,* 253 Mich. 144. It, however, was unprejudicial in the present case because the judge repeatedly stated the correct rule of law in his general charge and the jury could not have been misled by an isolated excerpt.

Judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.