SLATER *v.* IANNI CONSTRUCTION CO.

1. RELEASE—COMMON LAW—JOINT TORTFEASORS.
   At common law there could be but one satisfaction for a tort so that a settlement with one tortfeasor constituted a settlement as to all.

2. CONTRIBUTION—JOINT TORTFEASORS.
   One tortfeasor who takes an assignment of a tort judgment against himself and another cannot enforce contribution against the other joint tortfeasor since the law does not concern itself with equities between joint wrongdoers.

3. TORTS—JOINT LIABILITY—PROOF.
   Merely charging two or more parties with tort is no proof of their joint liability.

4. JUDGMENT—TORTS—ASSIGNMENTS—JUSTICES OF THE PEACE.
   Judgment in justice's court by owner of muck land for damages thereto by subcontractor who set fire to brush on adjacent highway, assigned to contractor against which action was also brought but which was held not liable and no appeal as to it taken, may be enforced by assignee since it was conclusively adjudicated not to be a joint tortfeasor and such judgment was assignable.

Appeal from Lapeer; Smith (Henry H.), J. Submitted June 12, 1934. (Docket No. 115, Calendar No. 37,603.) Decided September 18, 1934.

Case in justice's court by Glenn Slater against Ianni Construction Company, a Michigan corporation, and Edwin D. Frink for damage to muck land by fire. From judgment for plaintiff against defendant Frink only, he appealed to circuit court. From judgment for plaintiff against defendant Frink only, he appeals. Affirmed.

*George W. DesJardins,* for plaintiff.

*Herbert W. Smith,* for defendant Frink.

POTTER, J.   Plaintiff sued defendants in justice's court to recover damages alleged to have been suffered by reason of defendant Edwin D. Frink having set a brush fire in the highway on plaintiff's premises, which fire communicated to plaintiff's muck land, burning out and destroying the value of about two acres.   Ianni Construction Company had a contract for building a road.   Frink was a subcontractor thereunder at the time of the alleged tortious acts.   Frink subsequently abandoned the contract and the work was taken over and finished by Ianni Construction Company.   Suit was commenced in justice's court before one Hollenbeck, a justice of the peace, where a judgment was rendered against the defendant Frink for $250 damages and a judgment of no cause of action in favor of the defendant Ianni Construction Company.   After suit brought in justice's court defendant Ianni Construction Company agreed to pay plaintiff $50 for an assignment from plaintiff to it of any judgment which he might obtain against defendant Frink which assignment was as follows:

"October 22, 1931.
"I assign to Ianni Construction Company any judgment I may obtain against E. D. Frink in Hollenbeck court.

"GLENN SLATER."

The judgment of no cause of action against defendant Ianni Construction Company was not appealed.   It remains in full force and effect, as a final judgment.   Defendant Frink appealed from the judgment in justice's court to the circuit court where

the case was retried and judgment awarded plaintiff against defendant Frink in the sum of $250. Defendant Frink appeals, contending the settlement by plaintiff with defendant Ianni Construction Company released one defendant and the assignment of plaintiff's right of action and judgment to one joint tortfeasor released the other.

It was the rule of the common law there could be but one satisfaction for a tort. A settlement with one joint tortfeasor constituted a settlement as to all. No contribution may be enforced between joint wrongdoers. The law does not concern itself with equities between wrongdoers. One tortfeasor who takes an assignment of a tort judgment against himself and another cannot enforce contribution against the other joint tortfeasor. As assignee he takes only the rights of his assignor. He stands in the shoes of his assignor and is in no better position than his assignor to enforce contribution and as assignee cannot do so. That two persons, firms or corporations are jointly charged with tort is no proof of joint liability. Defendant Ianni Construction Company was held not liable, and from that judgment no appeal was taken. It remains in full force and effect. Plaintiff assigned the judgment recovered against Frink to defendant Ianni Construction Company which agreed to pay him therefor $50. Defendant then appealed and on appeal the judgment against defendant Frink was affirmed. Plaintiff will be compensated for the tort but once. There will be paid but one satisfaction for plaintiff's claim. Defendant Ianni Construction Company has been conclusively adjudicated not to be a joint tortfeasor. The judgment in justice's court recovered by plaintiff against defendant Frink was assignable. It was assigned by plaintiff to one who has been conclusively

adjudicated not to be a joint tortfeasor. No reason exists why such assignment could not be made and why the judgment in the hands of the assignee could not be enforced. Defendant Frink saw fit to appeal.

The judgment was affirmed as to him in circuit court and is affirmed here, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.