FELSNER v McDONALD RENT-A-CAR, INC

Docket No. 125275. Submitted March 3, 1992, at Detroit. Decided April 7, 1992, at 9:05 A.M. Leave to appeal sought.

Michael J. Felsner brought an action in the Wayne Circuit Court against McDonald Rent-A-Car, Inc., Gregory C. Ferrebee, Spinners Performing Arts, Inc., and others, seeking damages for injuries sustained when the plaintiff's motorcycle struck a van driven by Ferrebee while Ferrebee was employed by Spinners Performing Arts to transport items in the van owned by and rented from McDonald. The action against Spinners Performing Arts was brought on a theory of vicarious liability for the negligence of Ferrebee under the doctrine of respondeat superior. The claims against Ferrebee and McDonald were mediated, and Spinners Performing Arts was not a party to the mediation. The mediation evaluation was accepted, and the court, Kaye Tertzag, J., entered judgment. The judgment was paid, and the plaintiff executed a satisfaction of judgment in favor of Ferrebee and McDonald. Spinners Performing Arts moved for summary disposition, alleging that the release of Ferrebee also discharged it. The court denied the motion and a motion for reconsideration. Spinners Performing Arts appealed by leave granted.

The Court of Appeals *held:*

1. A principal sued solely on the theory of vicarious liability for the negligence of its agent under the doctrine of respondeat superior is not a joint tortfeasor. The release of the agent from liability discharges the principal from vicarious liability.

2. The Court of Appeals is bound by the holding of four justices in *Theophelis v Lansing General Hosp,* 430 Mich 473 (1988), that MCL 600.2925d; MSA 27A.2925(4), which states that the release of one joint tortfeasor does not release the other joint tortfeasors, does not abrogate the common-law rule

REFERENCES

Am Jur 2d, Agency § 280; Master and Servant §§ 417 *et seq.*; Torts §§ 61 *et seq.*

See the Index to Annotations under Agents and Agency; Master and Servant; Respondeat Superior.

that the release of an agent discharges the principal from vicarious liability.

3. The judgment entered pursuant to the mediation award was a release.

Reversed and remanded for entry of an order dismissing the defendant.

1. AGENCY — VICARIOUS LIABILITY — JOINT TORTFEASORS — RESPONDEAT SUPERIOR.

A principal sued solely on the theory of vicarious liability for the negligence of its agent under the doctrine of respondeat superior is not a joint tortfeasor; the release of the agent from liability discharges the principal from vicarious liability.

2. AGENCY — VICARIOUS LIABILITY — CONTRIBUTION AMONG TORTFEASORS.

The amendment of the contribution among tortfeasors act to provide that the release of one joint tortfeasor does not release the other joint tortfeasors did not abrogate the common-law rule that release of an agent discharges a principal vicariously liable for the agent's acts (MCL 600.2925d; MSA 27A.2925[4]).

3. AGENCY — MEDIATION AWARDS — RELEASE.

A judgment entered pursuant to a mediation award constitutes a release of an agent sufficient to discharge a principal vicariously liable for the agent's acts.

*Thomas W. Ricard,* for the plaintiff.

*Vandeveer Garzia* (by *Pamela L. Abbott*), for Spinners Performing Arts, Inc.

Before: NEFF, P.J., and GRIBBS and MURPHY, JJ.

PER CURIAM. Defendant Spinners Performing Arts, Inc., appeals by leave granted from an order of the circuit court denying its motion for reconsideration of the denial of its motion for summary disposition. We reverse.

This action arose from a traffic accident in which plaintiff, while riding a motorcycle, struck a van driven by Gregory Ferrebee. At the time of the accident, Ferrebee was employed as a valet by defendant Spinners Performing Arts, Inc., a corpo-

ration formed by the singing group known as the Spinners. The van was owned by McDonald Rent-A-Car, Inc., and was used by Ferrebee to transport costumes for defendant.

Plaintiff filed suit against Ferrebee and McDonald Rent-A-Car and eventually added defendant, alleging that defendant is liable on a theory of respondeat superior for the negligence of Ferrebee. The amended complaint does not allege any acts of independent negligence against defendant.

Plaintiff's claims against Ferrebee and McDonald Rent-A-Car were mediated. Defendant was not a party to the mediation. The mediation panel evaluated plaintiff's claim against Ferrebee and McDonald at $130,000. The three parties accepted the evaluation, and judgment was entered pursuant to the evaluation. The judgment was paid, and plaintiff executed a satisfaction of judgment in favor of Ferrebee and McDonald.

Defendant moved for summary disposition on the ground that plaintiff's release of Ferrebee also discharged defendant. The circuit court denied defendant's motions for summary disposition and for reconsideration.

Defendant contends that plaintiff's acceptance of the mediation evaluation with regard to Ferrebee also released it because it was sued only on a theory of vicarious liability for Ferrebee's negligence. At common law, all joint tortfeasors were released when one of the joint tortfeasors was released. *Slater v Ianni Construction Co,* 268 Mich 492, 494; 256 NW 495 (1934); *Willis v Total Health Care of Detroit,* 125 Mich App 612, 617; 337 NW2d 20 (1983). Pursuant to MCL 600.2925d; MSA 27A.2925(4), however, the release of one joint tortfeasor no longer releases the other joint tortfeasors. *Willis, supra,* 617. That section provides, in pertinent part:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to 1 of 2 or more persons liable in tort for the same injury or the same wrongful death:

(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide. [MCL 600.2925d; MSA 27A.2925(4).]

A principal sued solely on the theory of vicarious liability for the negligence of its agent under the doctrine of respondeat superior, however, is not a joint tortfeasor. *Theophelis v Lansing General Hosp,* 430 Mich 473, 483; 424 NW2d 478 (1988); *Willis, supra,* 617. The release of the agent from liability therefore discharges the principal from vicarious liability. *Theophelis, supra,* 491; *Lincoln v Gupta,* 142 Mich App 615, 621-622; 370 NW2d 312 (1985).

Plaintiff contends that the common-law rule that release of the agent discharges the principal from vicarious liability was abrogated by MCL 600.2925d; MSA 27A.2925(4). Our Supreme Court in *Theophelis,* however, addressed this question at length and concluded that the intent of the Legislature was not to abrogate this common-law rule. *Theophelis, supra,* 485-491.

In *Theophelis,* the plaintiffs sued a hospital and several medical personnel, alleging that the hospital was vicariously liable for the negligence of the staff and also alleging independent acts of negligence by the hospital. The plaintiffs settled with two of the individual defendants for whom the hospital was allegedly vicariously liable. The trial court, however, refused to strike the allegations regarding the hospital's vicarious liability for those defendants.

The jury returned a verdict of $1 million against the hospital and verdicts of no cause of action

against the remaining defendants. This Court affirmed on appeal, 141 Mich App 199; 366 NW2d 249 (1985), but reversed on rehearing, 148 Mich App 564; 384 NW2d 823 (1986), holding that the release of the two individual defendants discharged the hospital from any vicarious liability with regard to those defendants. On appeal by leave granted, our Supreme Court held that MCL 600.2925d; MSA 27A.2925(4) did not abrogate the common-law rule that the release of an agent releases the principal from vicarious liability for the acts of that agent. *Theophelis, supra,* 480-491.

We disagree with plaintiff's contention that *Theophelis* is not a majority opinion and is therefore not a binding determination of this question. Stare decisis dictates that a decision of a majority of the justices of our Supreme Court is binding upon lower courts. *Rohlman v Hawkeye Security Ins Co,* 190 Mich App 540, 549; 476 NW2d 461 (1991). A decision of four or more of our Supreme Court justices on a specific point of law is binding upon this Court with regard to that point of law. See *Negri v Slotkin,* 397 Mich 105, 109; 244 NW2d 98 (1976); *People v Dauer,* 131 Mich App 839, 840-841; 346 NW2d 599 (1984). In *Theophelis,* Justices RILEY, BRICKLEY, and GRIFFIN joined in the lead opinion, while Justice BOYLE concurred, disagreeing only with regard to whether remand was necessary to determine whether the documents were releases or covenants not to sue. Because four justices concurred that MCL 600.2925d; MSA 27A.2925(4) does not abrogate the common-law rule in question, *Theophelis* is binding with regard to that point of law.

Plaintiff also contends that the judgment entered pursuant to the mediation evaluation does not constitute a release, but is, instead, a covenant not to sue. This Court has held that acceptance of

a mediation award is the equivalent of a consent judgment, *Reddam v Consumer Mortgage Corp,* 182 Mich App 754, 756-757; 452 NW2d 908 (1990); *Pelshaw v Barnett,* 170 Mich App 280, 286; 427 NW2d 616 (1988), and that a consent judgment operates as a release. *Rzepka v Michael,* 171 Mich App 748, 757; 431 NW2d 441 (1988). The judgment entered pursuant to the mediation award in this case therefore constitutes a release.

Reversed and remanded for entry of an order dismissing this action with regard to defendant.