LARKIN v OTSEGO MEMORIAL HOSPITAL ASSOCIATION

Docket No. 166826. Submitted September 21, 1994, at Grand Rapids. Decided November 7, 1994, at 9:25 A.M. Leave to appeal sought.

Herbert J. and Elizabeth A. Larkin brought an action in the Otsego Circuit Court against Otsego Memorial Hospital Association and Kwang S. Kim, M.D., alleging medical malpractice on the part of Dr. Kim in failing to diagnose Herbert Larkin's lung cancer and vicarious liability on the part of the hospital. Following an admission by the hospital of an agency relationship between it and Dr. Kim, the parties stipulated the dismissal of Dr. Kim with prejudice and without costs. The court, William A. Porter, J., granted summary disposition for the hospital, ruling that the stipulation and order to dismiss Dr. Kim was a consent judgment and that the hospital, as Dr. Kim's principal, was entitled to dismissal of the claim of vicarious liability brought against it. The plaintiffs appealed.

The Court of Appeals *held:*

1. The release of an agent from liability acts also as the release of the principal for its vicarious liability arising out of the agency relationship. However, entering into a covenant not to sue with an agent does not act to release the principal from its vicarious liability.

2. The trial court erred in holding that the dismissal operated as a consent judgment. There is nothing in the language of the motion to dismiss that suggests that the plaintiffs intended the dismissal of Dr. Kim to act as a dismissal of the hospital. The stipulation and order to dismiss was a covenant not to sue Dr. Kim only and did not operate as a release of the hospital. Summary disposition for the hospital should not have been granted.

Reversed.

REFERENCES

Am Jur 2d, Release §§ 2, 30, 34.

Release of, or covenant not to sue, one primarily liable for tort, but expressly reserving rights against one secondarily liable, as bar to recovery against latter. 24 ALR4th 547. Release of (or covenant not to sue) master or principal as affecting liability of servant or agent for tort, or vice versa. 92 ALR2d 533.

Taylor, J., dissenting, stated that the grant of summary disposition for the hospital was proper because the stipulation and order to dismiss Dr. Kim with prejudice operated as the equivalent of a consent judgment, which had the effect of releasing the hospital, as Dr. Kim's principal, from its vicarious liability.

Agency — Vicarious Liability — Dismissals of Actions — Covenants Not to Sue.

A dismissal with prejudice of an agent does not act as a consent judgment, which releases the agent's principal from vicarious liability, but rather acts as a covenant not to sue, which preserves the right to pursue a claim against the principal on the basis of the principal's vicarious liability for the acts of the agent, where there is no indication that release of the principal was intended.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Matthew G. Curtis* and *Richard D. Toth*), for the plaintiffs.

*Smith, Haughey, Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendant.

Before: Reilly, P.J., and Taylor and M. E. Kobza,* JJ.

Reilly, P.J. Plaintiffs appeal as of right an order granting defendant summary disposition under MCR 2.116(C)(7) (release). Plaintiffs claim that the trial court erred in ruling that the stipulation and order to dismiss defendant Kwang S. Kim, M.D., only, with prejudice and without costs, was a consent judgment entitling defendant hospital to dismissal as well. We agree and reverse.

This case involves a claim of malpractice against Dr. Kim, alleging failure to diagnose plaintiff Herbert Larkin's lung cancer after viewing his x-rays, and a claim of vicarious liability against the hospital. Following an admission by the hospital that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there was an agency relationship between it and Dr. Kim, the parties stipulated to the dismissal of Dr. Kim with prejudice and without costs. The issue presented is whether the dismissal of Dr. Kim, the agent, operated simply as a covenant not to sue him, or whether it operated as a consent judgment or release, entitling the hospital, the principal, to dismissal as well.

The common-law doctrine that release of an agent discharges the principal from vicarious liability is still recognized in Michigan. *Felsner v McDonald Rent-A-Car, Inc,* 193 Mich App 565, 569; 484 NW2d 408 (1992). That principle has not been changed by the statute governing rights of contribution. *Theophelis v Lansing General Hosp,* 430 Mich 473, 490-491; 424 NW2d 478 (1988) (opinion of GRIFFIN, J.).[1]

However, the use and significance of a release is considerably different from a covenant not to sue. A covenant not to sue is distinguishable from a release in that it is not a present abandonment or relinquishment of the right or claim but is merely an agreement not to sue with respect to an existing claim. It does not extinguish the cause of action. *Id.* at 492, n 14, citing 66 Am Jur 2d, Release, § 2, p 679. As between the parties to the agreement not to sue, the final result is the same as if a release is given. The difference is primarily in the effect relative to third parties and is based mainly on the fact that in the case of a release there is an immediate release or discharge extinguishing the cause of action, whereas in the case

[1] In *Theophelis,* Justices RILEY, BRICKLEY, and GRIFFIN joined in the lead opinion, while Justice BOYLE concurred, disagreeing only with regard to whether remand was necessary to determine whether the documents were releases or covenants not to sue. Because four justices concurred that MCL 600.2925d; MSA 27A.2925(4) does not abrogate the common-law rule in question, *Theophelis* is binding with regard to that point of law. [*Felsner, supra* at 569.]

of a covenant not to sue there is merely an agreement not to prosecute a suit. *Id.*

We agree with plaintiffs that their stipulation to dismiss was not a release but an agreement, following the initiation of their lawsuit, to dismiss Dr. Kim, and to refrain from suing him regarding the claimed malpractice in the future. On the facts presented, the stipulation and order to dismiss was a covenant not to sue, not a consent judgment or a release.

Plaintiffs and Dr. Kim did not agree to a judgment in favor of either party on the merits of the malpractice claim, or on the basis of a settlement. See *Rzepka v Michael,* 171 Mich App 748; 431 NW2d 441 (1992). Nor did they agree to accept a mediation award, which has been determined to be equivalent to a consent judgment. *Felsner, supra* at 570. We find no basis for the trial court's conclusion that the dismissal operated as a consent judgment.

Additionally, we find no merit to defendant's claim that the voluntary dismissal was a release. Defendant's reliance upon the rulings in *In re Koernke Estate,* 169 Mich App 397; 425 NW2d 795 (1988), and *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745, 748; 321 NW2d 798 (1982), that a voluntary dismissal can constitute a decision on the merits and that dismissals with prejudice can effectively bar future litigation, is misplaced. In both *Koernke* and *Brownridge,* the opinions dealt only with the effect of voluntary dismissals on subsequent lawsuits by the same plaintiffs against the previously dismissed defendants.[2] The decisions

[2] We note that in *Koernke, supra* at 400, this Court concluded that a 1971 order of dismissal in the probate court that did not state "without prejudice" was a judgment on the merits. We are unable to determine from the opinion the factual basis for the order of dismissal. However, we agree with the panel in *Koernke* that if the

did not consider the effect of the dismissals on third parties, such as the other defendants. They did not address the issue presented here, i.e., whether voluntary dismissal with prejudice of an agent after the initiation of a lawsuit, but before trial, operates as a release of the codefendant principal.

This issue was directly addressed in *Boucher v Thomsen,* 328 Mich 312; 43 NW2d 866 (1950). In *Boucher,* the Supreme Court considered whether an agreement not to sue a driver of a motor vehicle, who allegedly caused the death of the plaintiff's decedent, effectively released the owner of the vehicle from vicarious liability. The agreement not to sue was given for monetary consideration, but expressly reserved the right to proceed against the owner. The subsequent order of dismissal was with prejudice and without costs. The Court unanimously determined that the agreement did not operate as a release of the owner's liability.

> The suggestion that the covenant not to sue, if sustained, results in a legal injustice to defendant [owner] is without merit. Neither may it be said, in view of the language of the covenant, that the parties thereto contemplated that [the driver and garage keeper] would necessarily be released from further liability with respect to the subject matter. The instrument did not provide for such a release. It clearly appears that it is merely an undertaking that plaintiff will not sue the covenantees. She did not, either directly or indirectly, covenant against their possible liability to defendant [owner] if judgment is obtained and enforced against him. The undertaking is not ambiguous and must be construed in accordance with the plain intent of the language used by the parties. [*Id.* at 317-318.]

order of dismissal is on the merits, the decision is res judicata with regard to the parties.

In the case before us, the stipulation to dismiss did not reserve expressly plaintiffs' claim against the hospital. Nevertheless, it stated that the hospital was legally responsible for the actions of Dr. Kim and that his dismissal was based upon the hospital's acknowledgment that he was the hospital's agent for the purposes of this case. Nothing in that language suggests that by dismissing Dr. Kim the plaintiffs intended to dismiss the hospital. Rather, the implication is that the plaintiffs recognized that the codefendant hospital was the principal that could be held responsible for the negligent acts of the agent and they would proceed against the hospital on that basis after the dismissal of Dr. Kim.

We conclude, therefore, that the stipulation and order to dismiss was a covenant not to sue Dr. Kim only. Although the issues are res judicata as between plaintiffs and Dr. Kim, the dismissal did not relinquish plaintiffs' claim and extinguish the malpractice action. It did not operate as a release of the defendant hospital. Accordingly, the order of the trial court granting summary disposition for the defendant hospital is reversed.

M. E. KOZBA, J., concurred.

TAYLOR, J. *(dissenting)*. I respectfully dissent.

The majority correctly recognizes that the common-law doctrine that release of an agent discharges the principal from vicarious liability is still recognized in Michigan. However, its opinion goes awry because it has misunderstood that this doctrine is a doctrine of law and, therefore, is not dependent on the facts of the individual case. I would hold that the parties' dismissal with prejudice constituted a release.

Under the holding in *Theophelis v Lansing Gen-*

*eral Hosp,* 430 Mich 473; 424 NW2d 478 (1988), our task is to analyze the instrument and determine if it is a release or a covenant not to sue. We must determine whether the instrument effected "a present abandonment or relinquishment of the right or claim," or whether it merely constituted "an agreement not to sue on an existing claim." *Id.* at 492, n 14. The issue, then, is purely legal.

> At common law a valid release of an agent for tortious conduct operates to bar recovery against the principal on a theory of vicarious liability, even though the release specifically reserves claims against the principal. 53 Am Jur 2d, Master and Servant, § 408, pp 416-418; 126 ALR 1199; 76 CJS, Release, § 50, p 689. See *Bacon v United States,* 321 F2d 880 (CA 8, 1963); *Max v Spaeth,* 349 SW2d 1 (Mo, 1961). Michigan courts have adhered to this common-law rule. *Geib v Slater,* 320 Mich 316; 31 NW2d 65 (1948), overruled on other grounds *Moore v Palmer,* 350 Mich 363; 86 NW2d 585 (1957); *Lincoln v Gupta,* 142 Mich App 615; 370 NW2d 312 (1985); *Willis v Total Health Care,* 125 Mich App 612; 337 NW2d 20 (1983); *Drinkard v William J Pulte, Inc,* 48 Mich App 67; 210 NW2d 137 (1973). [*Theophelis, supra* at 480-481.]

It makes no difference what the parties to the agreement intended. The courts must only look to the effect of the instrument.

In the cases after *Theophelis,* our courts have understood this determination to be a question of law. Accordingly, courts have looked to the effect of the instrument and not at what the parties may have said either in the instrument or in other documents that they filed. In *Felsner v McDonald Rent-A-Car,* 193 Mich App 565; 484 NW2d 408 (1992), the defendant contended that the plaintiff's acceptance of the mediation evaluation against the

operator of the McDonald-owned car also released McDonald from any claim of vicarious liability. This Court agreed and held that the acceptance of the mediation evaluation was in the nature of a release rather than a covenant not to sue. *Id.* at 570. The *Felsner* Court's reasoning provides insight into how we determine these matters.

> Plaintiff also contends that the judgment entered pursuant to the mediation evaluation does not constitute a release, but is, instead, a covenant not to sue. This Court has held that acceptance of a mediation award is the equivalent of a consent judgment, *Reddam v Consumer Mortgage Corp,* 182 Mich App 754, 756-757; 452 NW2d 908 (1990); *Pelshaw v Barnett,* 170 Mich App 280, 286; 427 NW2d 616 (1988), and that a consent judgment operates as a release. *Rzepka v Michael,* 171 Mich App 748, 757; 431 NW2d 441 (1988). The judgment entered pursuant to the mediation award in this case therefore constitutes a release. [*Felsner, supra* at 569-570.]

My conclusion that the stipulation and order to dismiss constitutes a release is also supported by this Court's handling of *Rzepka, supra,* where the Court held that a consent judgment was a release that invoked the principal-agent release rule. In *Rzepka,* the plaintiff had agreed to a consent judgment that stated:

> It is hereby ordered that the remaining counts against Personnel Recruiters Corporation International be and they are dismissed with prejudice, but without costs or attorneys fees. [171 Mich App 754.]

The Court concluded:

> The consent judgment acted as a release against

the corporation on all counts except the breach of contract count. The corporation's liability on the other counts was derivative, and so the release of the corporation releases the employees. [*Id.* at 757.]

The acceptance of the mediation evaluation with entry of judgment in *Felsner* and the consent judgment in *Rzepka* were recognized by this Court to be the equivalent of releases. They could not be otherwise; both effected current relinquishment of claims, and, thus, the common-law rule that release of the principal is release of the agent applied in both cases.

There is no meaningful distinction between the stipulated dismissal with prejudice in this case and the judgments in *Felsner* and *Rzepka.* By definition, a dismissal with prejudice constitutes a relinquishment of the suit rather than merely an agreement not to sue on an existing claim. A dismissal with prejudice is

[a]n adjudication on the merits, and final disposition, barring the right to bring or maintain an action on the same claim or cause. It is res judicata as to every matter litigated. [Black's Law Dictionary (5th ed).]

Indeed, in *Brownridge v Michigan Mutual Ins Co,* 115 Mich App 745, 748; 321 NW2d 798 (1982), this Court held that a voluntary dismissal with prejudice is a final judgment on the merits, with *res judicata* effect. This Court again emphasized the meaning of a dismissal "with prejudice" in *In re Koernke Estate,* 169 Mich App 397; 425 NW2d 795 (1988). The *Koernke* Court held that because an order did not state that it was without prejudice,

the order was a judgment on the merits.[1] *Id.* at 400. Applying the reasoning in these cases, which have put flesh on the bones of *Theophelis,* and the legal definition of the term "dismissal with prejudice," it is apparent that the stipulation and order to dismiss with prejudice is the equivalent of a consent judgment, and, as the Court in *Felsner* held, a consent judgment operates as a release.

The majority relies significantly on *Boucher v Thomsen,* 328 Mich 312; 43 NW2d 866 (1950). I do not feel *Boucher* is inconsistent with *Theophelis* for the simple reason that in *Boucher* the voluntary dismissal was not the operative agreement that the Court focused on. Rather, the plaintiff and the settling defendants entered into an agreement before the dismissal that was, as all parties' agreed, a covenant not to sue. The *Boucher* Court did not discuss whether the order of dismissal constituted a release. Frankly, it does not appear that it was ever argued, because the Court did not address it. Thus, the issue in this case and in *Theophelis* was not addressed by the Court in *Boucher,* and *Boucher* should be understood in that light.

In summary, what we have in this case is the classic circumstance of difficult and compelling facts making bad law. At the very least, the majority confuses the distinctions between releases and covenants not to sue. This makes murky what was clear. The majority's decision in this case is also an improper usurpation of our Supreme Court's

[1] The majority dismisses *Koernke* and *Brownridge* as pertaining only to the parties to the agreements, i.e., the plaintiffs against the previously dismissed defendants. Irrespective of whether that is the case, it in no fashion reduces the merit of the legal conclusion concerning a voluntary dismissal with prejudice being a judgment on the merits (*Brownridge*), or concerning the effect of an order of dismissal that does not indicate whether it is with or without prejudice (*Koernke*). Accordingly, it is inappropriate to make these cases inconsequential for the reason the majority gives.

power, inasmuch as we have robbed the *Theophelis* decision of its clear import. As the Supreme Court pointed out in *Boyd v W G Wade Shows,* 443 Mich 515, 523; 505 NW2d 544 (1993), such presumption is inappropriate. Finally, I believe the majority's opinion scrambles traditional notions of what constitutes an "adjudication on the merits." The unfortunate effects of this decision will be apparent when our courts attempt to apply the novel doctrine that dismissals with prejudice are not final dispositions. The majority's holding is lamentable and, as I outlined above, unnecessary.