*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HEATHER MALONE,

      Plaintiff-Appellant,

v

CONOR THOMPSON MCRELL and ZHETMAN BRIGHTON, LC,

      Defendants-Appellees,

and

FARMERS INSURANCE EXCHANGE,

      Defendant.

UNPUBLISHED
September 22, 2022

No. 356416
Livingston Circuit Court
LC No. 19-030275-NI

Before: SWARTZLE, P.J., and RONAYNE KRAUSE and GARRETT, JJ.

PER CURIAM.

Conor McRell rear-ended Heather Malone while delivering a pizza. Malone sued McRell and his employer, Zhetman Brighton, LC, and she eventually settled with McRell and dismissed him from the case. The settlement agreement stated that Malone would sign "appropriate [r]eleases," but that it would not affect her claims against Zhetman. Zhetman moved for summary disposition after McRell was dismissed, reasoning that it could not be liable for McRell's actions due to the releases. Malone disagreed, arguing that the settlement agreement did not affect Zhetman; she also argued that the trial court should set aside the stipulated order dismissing her claims against McRell. The trial court granted summary disposition to Zhetman and denied Malone's motion to set aside the stipulated order dismissing McRell. We affirm.

Malone's injuries as a result of the car accident are not at issue in this case. Instead, the relevant facts are McRell's employment with Zhetman and the procedural history leading to the unusual case before us. It is undisputed that McRell rear-ended Malone during the course of his employment. Malone sued McRell and Zhetman among others (the other parties are not relevant to this appeal) and eventually entered into a settlement agreement with McRell after facilitation.

-1-

Under the settlement agreement, McRell was to pay Malone $50,000 and in return she would dismiss with prejudice her claim against him and "appropriate Releases [would] be forwarded and signed." The settlement agreement also stated that it had no effect on Malone's lawsuit against Zhetman. Malone dismissed her claims against McRell with prejudice in a stipulated court order, but he has not paid her the $50,000 and she has not signed the releases mentioned in the agreement. Nevertheless, based on the settlement agreement, Zhetman moved to dismiss Malone's claims against it under MCR 2.116(C)(7) because it could only be vicariously liable based on McRell's actions. Malone argued that the settlement agreement did not affect Zhetman. The trial court disagreed and granted summary disposition to Zhetman.

After the trial court granted summary disposition to Zhetman, Malone moved under MCR 2.612(C)(1)(a), (c), and (f) to set aside the stipulated order that dismissed with prejudice her claims against McRell. The trial court denied that motion as well as Malone's motion for reconsideration, which argued for the first time that the settlement agreement was a covenant not to sue rather than a release. This appeal followed and this Court granted Malone's application for leave to appeal. *Malone v Jet's Pizza New Hudson Payroll, LLC*, unpublished order of the Court of Appeals, entered June 28, 2021 (Docket No. 356416).

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). In reviewing a trial court's decision under MCR 2.116(C)(7), we consider the record evidence to determine whether the defendant is entitled to immunity. *Poppen v Tovey*, 256 Mich App 351, 353-354; 664 NW2d 269 (2003). Relevant here, MCR 2.116(C)(7) authorizes the trial court to grant summary disposition if it is appropriate because of "release."

"At common law a valid release of an agent for tortious conduct operates to bar recovery against the principal on a theory of vicarious liability, even though the release specifically reserves claims against the principal." *Theophelis v Lansing Gen Hosp*, 430 Mich 473, 480; 424 NW2d 478 (1988). To determine whether an instrument is a release or a covenant not to sue, "the designation of the instrument as 'release' or 'covenant not to sue' is immaterial." *Id*. at 497 (quotation marks and citation omitted). Rather, "it is necessary to look to its terms, the words used, the amount paid, the substance of the agreement, and the intention of the parties." *Id*. (quotation marks and citation omitted). McRell agreed to pay Malone $50,000 in return for her dismissing with prejudice her claims against him and promising to sign "appropriate releases." As a result, the agreement did not merely prohibit Malone from bringing a cause of action against McRell in this case; rather, it specifically stated that it settled her claim against McRell, and thereby functioned as a release instead of as a covenant not to sue. See *Larkin v Otsego Mem Hosp Ass'n*, 207 Mich App 391, 393-394; 525 NW2d 475 (1994); *Felsner v McDonald Rent-A-Car, Inc*, 193 Mich App 565, 569-570; 484 NW2d 408 (1992). That the parties did not in fact sign a release, as required by the settlement agreement, is inconsequential, because the substance of the agreement and its terms all establish that it was a release. See *Theophelis*, 430 Mich at 497. Accordingly, the settlement agreement released Malone's claims against McRell. Because Zhetman could only be liable through McRell's actions, the release also released Malone's claims against Zhetman despite its attempt to do otherwise. Zhetman cannot be liable for McRell's actions because Malone contracted away the opportunity to seek further relief based on McRell's actions. Thus, the trial court did not err by granting summary disposition to Zhetman.

The trial court similarly did not err when it denied Malone's motion to set aside the stipulated order dismissing with prejudice her claim against McRell. We review a trial court's decision regarding whether to set aside a judgment under MCR 2.612 for an abuse of discretion. *Adler v Dormio*, 309 Mich App 702, 707; 872 NW2d 721 (2015).

Malone struck a bargain with McRell when they reached their settlement, but she now has buyer's remorse and argues that we should set aside the order dismissing McRell from the case under either MCR 2.612(C)(1)(a), (c), or (f). Subrule (a) does not apply because the mistake, if any, arose from Malone's misunderstanding of the settlement agreement's legal effect. See *Limbach v Oakland Co Bd of Co Rd Comm'rs*, 226 Mich App 389, 393; 573 NW2d 336 (1997). Subrule (c) similarly cannot save Malone because she has not directed this Court to any legal authority supporting her argument that relief is warranted under that subrule, thereby abandoning the argument. See *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). Finally, subrule (f) similarly does not apply because granting relief to Malone under that subrule would prejudice McRell and no extraordinary circumstances warrant setting aside the order dismissing McRell. See *King v McPherson Hosp*, 290 Mich App 299, 305, 308; 810 NW2d 594 (2010); *Rose v Rose*, 289 Mich App 45, 62; 795 NW2d 611 (2010).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett

-3-